UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


JOSE RIVERA
                                      PRISONER
     V.                    CASE NO. 3:02CV244 (SRU) (WIG)

JAMES MCKENNA, ET AL.


RULING AND ORDER

Pending before the Court are plaintiff's two motions to effect service, a motion for reconsideration, a motion for extension of time and a motion for leave to proceed in forma pauperis. For the reasons set forth below, the motion for extension of time is granted. The remaining motions are denied.

I.    Motions to Effect Service [docs. ## 14, 23]
      Motion to Proceed In Forma Pauperis [doc. # 24]

On April 7, 2003, the Court directed the plaintiff to effect service of the complaint on the defendants and to file returns of service with the Court. To date, the plaintiff has failed to effect service of the complaint on the defendants. The plaintiff now asks the court to serve the defendants with a copy of the complaint. He claims that he is indigent and cannot effect service of the complaint. The plaintiff has also filed an application to proceed in forma pauperis. He has not, however, attached a prison account statement indicating how much money is presently in his inmate account.

Under Rule 4, Fed. R. Civ. P., a plaintiff may attempt to serve a defendant in a lawsuit, who is an individual, by mailing the defendant Notice of Lawsuit and Waiver of Service of Summons forms. <u>See</u> Fed. R. Civ. P. 4(d) and (e). A defendant who receives notice of the lawsuit in this manner has a duty to avoid the unnecessary costs of serving the summons. <u>See id.</u> Thus, the plaintiff may attempt to serve the defendants in this action by mailing a copy of the complaint and a Notice of Lawsuit and Waiver of Service of Summons form to the defendant. The plaintiff has failed to demonstrate that he does not have sufficient funds to serve the defendants by mail. Defendant James McKenna is located at Hartford Correctional Center, 177 Weston Street, Hartford, Connecticut. Defendant Minzger Tung is located at Garner Correctional Institution, 50 Nunnawauk Road, P.O. Box 5500, Newtown, Connecticut 06470. Defendant Peter Murphy is located at Enfield Correctional Institution, 289 Shaker Road, P.O. Box 1500, Enfield, Connecticut 06083.

Accordingly, the plaintiff's motions to effect service and motion to proceed <u>in forma pauperis</u> are denied without prejudice.

II. <u>"Motion of Objection for Denied Counselor" [doc. # 22]</u>

The Court construes the plaintiff's motion as a renewed motion for appointment of counsel. On June 27, 2003, the Court considered a prior motion for appointment of counsel filed by he plaintiff. The Court noted that the plaintiff had made

sufficient efforts to obtain the assistance of counsel in this case, but had not demonstrated that he had contacted the Inmates' Legal Assistance Program with respect to any questions he might have concerning this case.  The Court denied the motion without prejudice.

The plaintiff now states that in November 2001 and January 2002, he asked the Inmates' Legal Assistance Program for help but an attorney in the Program refused assistance.  The plaintiff attaches a February 2002 letter from an attorney at Inmates' Legal Assistance who states that he cannot help the plaintiff because the complaint fails to state a claim.  The court concludes that the plaintiff has made sufficient efforts to obtain legal assistance in this case.

When deciding whether to appoint counsel, the district court must also "determine whether the indigent's position seems likely to be of substance."  Id.  In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

Here, one attorney consulted by the plaintiff did not consider the case to have merit.  In addition, the defendants

3

have filed a motion to dismiss the complaint because the plaintiff's medical records demonstrate that they were not deliberately indifferent to the plaintiff's medical condition. While the Court makes no decision on the ultimate merits of this action, based on the limited record before the Court, it concludes that the appointment of counsel is not warranted at this time. Should further development of the record indicate that the plaintiff's claims have likely merit, the Court will consider appointing counsel in the future.

III. <u>Motion for Extension of Time [doc. # 21]</u>

The plaintiff seeks an extension of time to respond to the defendants' motion to dismiss. The motion is granted.

<u>Conclusion</u>

The Motions to Effect Service [docs. ## 14, 23] and Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [doc. # 24] are DENIED without prejudice. The "Motion of Objection for Denied Counselor" which the court has construed as a renewed motion for appointment of counsel [doc. # 22] is DENIED without prejudice to renew at a subsequent stage of litigation. The Motion for Extension of Time [doc. # 21] to respond to the motion to dismiss is GRANTED. The plaintiff shall file his response within thirty days of the date of this order.

The Clerk is directed to send the plaintiff three Notice of Lawsuit and Waiver of Service of Summons forms and three Waiver

of Service of Summons forms together with a copy of this ruling and order.

SO ORDERED this <u>6th</u> day of November, 2003, at Bridgeport, Connecticut.

<u>*/S/ William I. Garfinkel*</u>

William I. Garfinkel
United States Magistrate Judge
