UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSE RIVERA
          PRISONER
v.          Case No. 3:02cv244(SRU)

JAMES MCKENNA, et al.[1]

RULING ON MOTION TO DISMISS

The plaintiff, Jose Rivera, is an inmate confined at the Osborn Correctional Institution in Somers, Connecticut. He filed this civil rights action pro se pursuant to 42 U.S.C. § 1983. He alleges that the defendants have failed to provide him with medical treatment for his elbow injury. Pending is a motion to dismiss filed by the defendants. For the reasons that follow, the motion is granted.

Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of New York, 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but

---

[1] The named defendants are Dr. James McKenna, Dr. Mingzer Tung and Warden Peter Murphy.

whether the plaintiff is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

## Facts

The court accepts as true the following facts, taken from the complaint. In July 1999, the plaintiff was incarcerated at Hartford Correctional Center. On or about July 25, 1999, the plaintiff slipped and fell while climbing down from the top bunk in his cell. The plaintiff injured his elbow and was examined by medical personnel. The nurse placed the plaintiff on the sick call list to see a physician and issued the plaintiff pain medication.

Dr. McKenna examined the plaintiff on July 27, 1999. The doctor noted a slight tenderness in the tip of the plaintiff's elbow and prescribed medication for the plaintiff's pain. On July 29, 1999, the plaintiff complained of pain in his elbow and the nurse encouraged him to take his pain medication. The plaintiff again complained of pain in his right elbow on August 25, 1999, and the nurse placed plaintiff on the list to see the doctor. On August 26, 1999, Dr. McKenna examined the plaintiff's elbow and noted that his findings remained unchanged. He advised the plaintiff not to put any pressure on the point of his elbow. The plaintiff complained

of pain in his elbow again in early September 1999. A nurse noted swelling and tenderness in the plaintiff's elbow. Dr. McKenna again examined the plaintiff on September 9, 1999. He noted fluid in the elbow. He aspirated fluid from the elbow and an elbow pad was applied to the site. On September 16, 1999, Dr. McKenna examined the plaintiff and noted that no fluid was present in the plaintiff's elbow. He informed the plaintiff that if he still had some swelling in his elbow by the end of one month, he should return to the medical clinic.

On September 17, 1999, the plaintiff was transferred to Corrigan Correctional Institution. On September 20, 1999, medical personnel examined the plaintiff's elbow and recommended that it be x-rayed. The x-rays revealed that no bones were fractured. On September 24, 1999, the plaintiff refused to go sick call. On September 30, 1999, the plaintiff was transferred to Walker Reception and Special Management Unit in Suffield, Connecticut. The medical personnel at Walker provided him with medication for his pain.

In February 2000, the plaintiff was transferred to Garner Correctional Institution. Dr. Tung prescribed medication for the pain in plaintiff's elbow. In August 2001, the plaintiff was transferred to Cheshire Correctional Institution. He received medication for his pain. At some point prior to October 10, 2001, the plaintiff was transferred back to Garner Correctional Institution. He asked Dr. Tung for "outside treatment" for his elbow condition. Dr. Tung informed him that he did not think that treatment at a facility outside the prison would help his condition. Compl. at 6. The plaintiff seeks monetary damages and declaratory and injunctive relief.

## Discussion

The defendants argue that the plaintiff has failed to state a claim for relief under the

Eighth Amendment. The plaintiff contends that the issue of whether or not his claims have merit should be left for the jury to decide at trial.

I.   Deliberate Indifference to Safety

The plaintiff alleges that there was no ladder in his cell to enable him to climb down from the top bunk in his cell. The plaintiff claims that Warden Murphy was deliberately indifferent or negligent in failing to provide a safe way to descend from the top bunk. The defendants move to dismiss the claims against Warden Murphy because the plaintiff has failed to allege facts to support a claim of deliberate indifference to his safety.

Inadvertent and negligent conduct which causes injury, does not support an action pursuant to 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 336 (1986). See also Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("Due Process clause of the Fourteenth Amendment is not implicated by lack of due care of an official causing unintended injury to life, liberty or property"). Instead, it is when a government official acts with deliberate indifference to the consequences of his action that a claim may be supported under section 1983. See Morales v. New York State Dep't of Corrections, 842 F.2d 27, 30 (2d Cir. 1988).

The plaintiff does not allege that Warden Murphy intentionally failed to provide a means of climbing down from the top bunk or up from the bottom bunk or that he made the warden aware of the lack of a ladder in his cell prior to his fall. The allegations set forth, at most, a state law negligence claim. While prison officials may owe a special duty of care to those in their custody under state tort law, the Supreme Court has rejected the contention that such tort law claims raise issues concerning a constitutionally or federally protected right. See Daniels, 474 U.S. at 335-36. Thus, the plaintiff's claim that Warden Murphy's failure to provide a safe means

4

to climb down from the top bunk caused him to fall and injure his elbow fails to state a claim upon which relief may be granted. The motion to dismiss is granted on this ground.

II.     Deliberate Indifference to Serious Medical Needs

The plaintiff alleges that both Drs. McKenna and Tung failed to provide him adequate treatment after he fell and injured his elbow. The defendants argue that the plaintiff has failed to allege facts demonstrating that they were deliberately indifferent to his serious medical condition.

The Eighth Amendment protects inmates from deliberate indifference by prison officials to their serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. A prisoner must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05. Mere negligence will not support a section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06).

The civil rights statute was not meant to redress medical malpractice claims that can be adequately resolved under state tort law. Tomarkin, 534 F. Supp. at 1230-31. Thus, a claim of misdiagnosis, faulty judgment, or malpractice without more to indicate deliberate indifference, is not cognizable under section 1983. See McCabe v. Nassau County Medical Center, 453 F.2d

698, 704 (2d Cir. 1971); Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982). In addition, mere disagreement with prison officials about what constitutes appropriate medical care does not state a claim cognizable under the Eighth Amendment. See Hyde v. Mcinnis, 429 F.2d 864, 868 (2d Cir. 1970); Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). See also Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) ("'serious medical need' requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain"). The Second Circuit has identified several factors that inform the inquiry into the seriousness of a medical condition: "'[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (citation omitted). In addition, where the denial of treatment causes plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, an inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at

6

66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

The defendants contend that the plaintiff's medical condition is not serious. The plaintiff alleges that he has experienced pain in his right elbow since his fall in 1999. In addition, the medical records attached to the complaint contain physician's orders for pain medication and references to swelling and fluid in the plaintiff's elbow. Thus, the plaintiff's condition was one that a physician thought important and worthy of comment and treatment, which is "highly relevant to the inquiry into the whether a given medical condition is a serious one." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Given the liberal deference that this court must apply on a motion to dismiss, the court concludes that the plaintiff has alleged facts to suggest that he did suffer from a serious medical condition as a result of the fall from the top bunk.

The defendants argue, however, that they were not deliberately indifferent to the plaintiff's serious medical need. The medical records attached to the complaint demonstrate that the plaintiff remained at Hartford Correctional Center less than two months after he sustained the injury to his right elbow. During that time period, Dr. McKenna examined the plaintiff on at least four occasions. In addition, Dr. McKenna prescribed pain medication to the plaintiff, removed from fluid from the elbow in an attempt to alleviate the plaintiff's discomfort and recommended that the plaintiff refrain from putting pressure on the elbow. Based on these facts the court concludes that the plaintiff has failed to allege that Dr. McKenna was deliberately

indifferent to the plaintiff's elbow injury. Because the plaintiff has not alleged facts demonstrating that Dr. McKenna was deliberately indifferent to his serious medical need, he has failed to state a claim under the Eighth Amendment. Accordingly, the motion to dismiss is granted as to the plaintiff's claims against Dr. McKenna.

The plaintiff also names Dr. Tung as a defendant. He alleges that Dr. Tung treated him at Garner Correctional Institution in February 2000 and prescribed him pain medication, but failed to provide him with any other treatment for his elbow injury. The plaintiff allegedly remained at Garner until August 2001, when he was transferred to another facility. In October 2001, the plaintiff was transferred back to Garner Correctional Institution. The plaintiff alleges that he requested "outside treatment" and Dr. Tung told him there was nothing he could do for him. The plaintiff's allegations do not support a claim of deliberate indifference to serious medical needs. Dr. Tung treated the plaintiff after x-rays revealed there were no fractured bones in the plaintiff's elbow. He prescribed the plaintiff pain medication and determined that medical treatment at a facility outside the prison would be beneficial to plaintiff's condition. Based on these allegations, the court concludes that the plaintiff has failed to allege that Dr. Tung was deliberately indifferent to his medical condition.[2] Accordingly, the defendants' motion to dismiss is granted as to the claims against Dr. Tung.

---

[2] Although the plaintiff's allegations may state a claim of misdiagnosis, faulty judgment, or malpractice, such a claim is not cognizable under section 1983. See Estelle, 429 U.S. at 107 ("[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment," and "at most . . . it is medical malpractice."); McCabe, 453 F.2d 698 at 704 (claim based solely on doctor's misdiagnosis or faulty judgment with no facts supporting charge of deliberate indifference not cognizable under § 1983).

<u>Conclusion</u>

The defendants' Motion to Dismiss [**doc. # 18**] is **GRANTED** as to all defendants. The Clerk is directed to close this case.

**SO ORDERED** in Bridgeport, Connecticut, this 5th day of February, 2004.

      /s/ Stefan R. Underhill
     Stefan R. Underhill
     United States District Judge